```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT
```

CHARLOTTE DENNETT                   :
                                    :
    v.                              :   Civil No. 1:05CV47
                                    :
CENTRAL INTELLIGENCE AGENCY         :
_____:

<u>RULING ON MOTION FOR EXTENSION OF TIME TO APPEAL</u>
(Paper 32)

On July 27, 2006, the Court granted the Central Intelligence Agency's (hereinafter "CIA") Motion for Summary Judgment in plaintiff's Freedom of Information Act case, and the Clerk entered judgment.  Because the CIA is an agency of the United States, the Plaintiff was required to file her notice of appeal on or before September 25, 2006.  <u>See</u> Fed. R. App. P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.").  It is undisputed that the plaintiff did not properly file her notice of appeal on or before September 25, 2006.

On October 3, 2006, the plaintiff filed this Motion for Extension of Time to file her notice of appeal.  <u>See</u> <u>generally</u> Fed. R. App. P. 4 (outlining procedures for filing an "Appeal as of Right").  In relevant part, Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides:

>   (A) The district court may extend the time to file a
>   notice of appeal if:

1

>    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
>    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

The plaintiff has filed her Motion for Extension within "30 days after the time prescribed," as required by Fed. R. App. P. 4(a)(5)(A)(i).  Nevertheless, the Government objects to the plaintiff's motion on the ground that she has shown neither "excusable neglect" nor "good cause" for allowing the time to file her notice of appeal to expire.  <u>See</u> Def.'s Opp. (Paper 34) at 1.

According to the Advisory Committee Notes to the 2002 Amendments to Rule 4, "[t]he excusable neglect standard applies in situations in which there is fault . . ." whereas "[t]he good cause standard applies in situations . . . usually occasioned by something that is not within the control of the movant."  The plaintiff explains her failure to timely file her notice of appeal as follows.

Although she understood from speaking with this Court's Appeals Coordinator that her notice of appeal "was to be sent to the District Court," she "did not inquire what address to use." Pl.'s Mot. (Paper 32-1) at para. 1.  Instead, she consulted the Vermont Bar Association's 1999 Directory and somehow ascertained the correct mailing address was the "U.S. Court of Appeals" at

"PO Box 392, Burlington VT," the address of the late Hon. Fred Parker.  See Paper 32-1, para. 2 and Paper 33.  Although Ms. Dennett is proceeding pro se, apparently she is an attorney licensed to practice in Vermont.  See Papers 32-2 and 33 (appended to her Motion for Extension of Time).  Because the plaintiff waited until Saturday, September 23, 2006, to mail her notice, the documents were returned to her as "not deliverable," a fact she did not confirm until her husband retrieved their mail, on or about September 29, 2006.  See Paper 32-1 at paras. 3, 7 and Paper 32-2.

Because these facts suggest the plaintiff missed the deadline for filing her notice of appeal as a result of her own faulty actions, and not because of circumstances outside her own control, the Court will apply the "excusable neglect" standard.

"It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional'."  Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (citation omitted).  The Second Circuit also has stated: "Compliance with Rule 4(a) is 'mandatory and jurisdictional'."  Silivanch v. Celebrity Cruises, Inc., 333 F.3d 335, 363 (2d Cir. 2003) (citation omitted).  Accordingly, although a court may have some flexibility when considering excuses for the failure to timely file a notice of appeal, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

'excusable' neglect . . . ." <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 392 (1993).

In <u>Silivanch</u>, the Court further explained:

> In our cases addressing when neglect is "excusable," we have therefore taken a hard line. . . . The mere possibility that a court may properly find excusable neglect [where it consists of inadvertence, ignorance of the rules, or mistakes construing the rules does not] alter[] the principle that failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect.

333 F.3d at 368 (citation and quotation marks omitted).

Here, the plaintiff waited until virtually the last minute to file her notice of appeal and then used the wrong address obtained from a seven-year-old directory. What is more basic than ascertaining the correct address to file a document as important and time-sensitive as a notice of appeal? Such inadvertence or ignorance of a basic rule does not constitute excusable neglect. <u>See</u> <u>Canfield v. Van Atta Buick/GMC Truck, Inc.</u>, 127 F.3d 248, 250 (2d Cir. 1997) ("failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect"); <u>Endicott Johnson Corp. v. Liberty Mut. Ins. Co.</u>, 116 F.3d 53, 56 (2d Cir. 1997) ("Nor, given the mandatory nature of the time limitations, may a party be estopped to assert that the deadline for appeal has not been met."); <u>Weinstock v. Clearly, Gottlieb, Steen & Hamilton</u>, 16 F.3d 501, 503 (2d Cir. 1994) (rejecting the argument that a litigant's failure to comply

4

with Rule 4(a) "was simply the product of a good-faith misunderstanding of the Rules").

On these facts, the Court cannot find the plaintiff's failure to timely file her notice of appeal was the result of excusable neglect.  The Motion for Extension of Time (Paper 32) within which to file her notice of appeal is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 2nd day of November, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge